# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

| | |
|---|---|
| Mae Thompson<br><br>v<br><br>Garvey Manor Nursing Home, Inc | Jesse D Pellow<br>900 Terminal Place #203<br>Richmond, VA 23220<br>570-295-5523<br>jdpaugustinc@gmail.com |

*RECEIVED DEC 1 5 2025 U.S.C.A. 3rd. CIR*

3:23-cv-00133

**Petition for Writ of Mandamus and to Proceed *In Forma Pauperis* as Previously Filed with the Court.**

Counsel for Plaintiff

Graham Baird

1500 JFK BLVD Suite 1240

Philadelphia, PA 19102

Counsel for Defendant

Emily Mahler

The Oliver BLDG

535 Smithfield St. Suite 1100

Pittsburgh, PA 15222

# TABLE OF CONTENTS

1. Jurisdiction......................3
2. Relief Sought....................3
3. Issues Presented................4
4. Facts of the Case...............5
5. Reasons to Be Granted.......8

## Jurisdiction

1. Generally speaking, the appeals court has jurisdiction over writs of mandamus under *28 U.S. Code § 1651 – Writs.* Requests for 3rd party invention fall under the jurisdiction of the appeals court with *Rule 24.* For jurisdiction over interlocutory appeals that were not certified by the judge upon request under *28 U.S. Code § 1292 - Interlocutory decisions.*

## Relief Sought

1. Petitioner is requesting a hearing regarding the matter of 3rd party representation and why the District Court is denying the 3rd party the right to defend themselves against accusations from both parties in this case. This right falls under the 6th amendment to the constitution and under *18 U.S. Code § 241 - Conspiracy against rights.*

2. Petitioner is requesting a Writ of Mandamus be issued to appeal certain interlocutory orders that the District Court just refused to certify to be appealed. The judge also dismissed a motion for dismissal of this case after there was no action or prosecution by either party for over 12 consecutive months under *FRCP 41(b).*

3. Petitioner is also seeking a request for an investigation by this court into the origins of this case itself. First the timeliness of the filing of this case, Secondly, did not have a right to sue from the EEOC or the PHRC. Thirdly, was filed in the wrong district court and then transferred. Lastly, neither

party seems to want to have this case closed and both parties were against giving me the right to defend myself against knowingly false accusations. This relief falls under *Title VII Notice of Right to Sue, Federal Rules of Civil Procedure Rule 3 Commencing an Action, and 42 U.S. Code § 12203 - Prohibition against retaliation and coercion.*

4. Petitioner is seeking from the court discovery into who filed this case, who contacted certain 'law news' websites to publish about the filing of this case which include many false facts and information which is basically defamation. Petitioner is seeking why both parties accuse me of the same thing but the District Court judge is refusing me the right to defend myself. There is a third party involved in this case and I want to know who that person(s) are. This case is intentional and retaliatory by a certain organization in Blair County. They may have done this to other people in the past but I will NOT allow them to do it to me.

## Issues Presented

1. This civil complaint was filed in retaliation to ongoing retaliation and harassment from my former employer Garvey Manor Nursing Home INC and the Blair County District Attorney.

2. The Western District Court is being influenced by an outside organization in violation of *Code of Conduct for United States Judges.*

3. Petitioners rights to defend themselves are being violated by this court.

## Facts of the Case

1. I was hired by Garvey Manor Nursing Home Inc as a Licensed Practical Nurse in March of 2021.

2. Plaintiff, Mae Thompson was a Certified Nursing Assistant on the unit which I was the LPN supervisor for 2nd shift.

3. Ms. Thompson was causing drama with another Nursing Assistant, Barb Beers. The two would not work together and were creating a very toxic environment for the rest of the staff on the unit getting to the point where other nursing staff would not want to work the unit on 2nd shift. There was a third agency nursing assistant named Amber Rickens who was spreading rumors to everyone that Ms. Thompson and I were in a 'relationship' even coming into a residents room while Ms. Thompson and I were providing care to a resident and Ms. Rickens barges in yelling at as, "Oh this is totally inappropriate I guess the rumors are true about you two!" I looked at Ms. Thompson and was like what? She claimed people were saying we were in a relationship.

4. It was at this point that I went to the ADON and DON to report this and requested an investigation. As this is sexual harassment and slander directed towards me.

5. Mae Thompson makes a complaint about me to the DON and ADON. Ms. Thompson was so afraid of even getting on the elevator with me. I requested an investigation into her accusations, and the facility deemed it unfounded

and had her moved off the unit. Ms. Thompson would even be afraid of going to her car because apparently, she was paranoid about a boyfriend or something like that. Other unit staff members defended me saying that nothing inappropriate was going on and I was just doing my job. I felt at times I was more a babysitter with all the staff drama taking away my time from caring for the actual residents because people can't be adults and just do their jobs.

6. Then Ms. Thompson wants to come back to the unit and claims she doesn't understand why administration won't let her work on the unit. I explained to her well you accused me of sexual harassment. She then sends me a text over Facebook messenger claiming that it was administration at Garvey Manor causing the drama, not her and that we have always worked well together.

7. Finally the toxic environment became so bad because of another nursing assistant Barb Beers who would all night long complain about her co-workers. She'd complain that no one would help her or that no one would answer her call bells for her, and a million other complaints every night. This nursing assistant had the easiest assignment in the facility. I found most of her complaints about her co-workers unfounded and that is why she often went over my head to the ADON when I told her as much and to work together.

8. Then in April of 2022 after multiple requests to the DON to change assignments because of the toxic environment in fact trying to force me to quit I did so.

9. Then in July of 2022 I went to the Office of Vocational Rehabilitation for work-related assistance because I am an adult with high functioning autism. I have been bullied my whole life and often being pulled from middle school because of it. I'm different. I communicate differently. I'm not incompetent. I know how to do my job. So I started receiving services from a 3rd party and was hired as a LPN at Presbyterian Senior Home at Hollidaysburg, PA in October of 2022. The appeals court should know all about this because they denied my appeal so I won't get into it here.

10. Then in July of 2024 Ms. Thompson somehow finds a lawyer in Philadelphia to file a lawsuit against Garvey Manor but is mostly accusing me of the same sexual harassment and now she's blaming Garvey Manor for not doing anything about it. The complaint lists my name at least 11 times. As stated multiple law news websites articles about it focus on the 'sexual harassment' instead of Garvey Manor's actions. So basically, the plaintiff has failed to even state a claim in the first place. I was never notified by either party of this lawsuit and that needs investigated as well. I'd like the court to also determine how Ms. Thompson found the law office of Eric A Shore in the first place. This is highly questionable.

11. On July 16th, 2024, the case was put into the ARD system.

12. On July 24th, 2024, I filed a motion to intervene.

13. On July 30th, 2024, the motion is denied and was ordered that any further motions would be ignored by the court. The appeals court needs to question why, and the trial judge needs to provide a legal basis for her denial.

14. On September 25th, 2024, counsel for defendant filed a motion to dismiss which was NEVER addressed by the trial judge. This was never followed up by counsel for the defendant. The appeals court should be inquiring into why.

15. On November 15, 2024, Graham Baird filed for an appearance as counsel for plaintiff.

16. That was the last action taken until counsel for defendant filed for withdrawal of appearance on December 5th, 2025.

17. On Tuesday, December 9th, 2025, I filed a motion to dismiss for failure to prosecute.

18. On December 11th, 2025, my request for a certification of the order to be appealed was also denied.

### Reasons to Grant Petition

1. This petition should be granted to force the Wester District Court to stop delaying proceedings in this unethically and illegally filed civil complaint. The court has a duty not to delay justice and should be questioned as to why the motion to dismiss from the defendant was never answered or followed up on by counsel.

2. The court is violating the 6th amendment rights of 3rd party intervention when that 3rd party has a substantial claim to the civil complaint and should be questioned why the intervention was denied by the trial court.

3. Furthermore, the very filing of this case and the legality of it should be determined whether it constitutes retaliation by outside parties or organizations in Blair County.

4. It is this petitioners belief that there has also been professional misconduct from counsel involved in this case on both sides. From failure to prosecute and a failure to resolve in a timely manner and to accuse this petitioner in response briefs of further accusations that the court is not allowing the 3rd party to respond to.

Therefore the petitioner is requesting the court to grant this Writ of Mandamus and to allow to proceed *in forma pauperis* as previously granted by the court.

Signed this date: _____

Jesse D Pellow, Pro Se

12/13/2025

## Certificate of Service

I hereby do certify that a true and correct copy of this document was served by email to the following parties,

Counsel for Plaintiff

Graham Baird

1500 JFK BLVD Suite 1240

Philadelphia, PA 19102

Counsel for Defendant

Emily Mahler

The Oliver BLDG

535 Smithfield St. Suite 1100

Pittsburgh, PA 15222

Signed this date: _____

Jesse D Pellow, Pro Se

12/13/2025

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAE THOMPSON, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Civil Action No. 3:24-133 |
| | ) Judge Stephanie L. Haines |
| GARVEY MANOR NURSING HOME, | ) ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 30th day of July, 2024, Jesse D. Pellow having filed a pro se "motion to join" [Doc. 13], which the Court liberally will construe as a motion to intervene pursuant to Federal Rule of Civil Procedure 24, IT IS ORDERED that the parties[1] shall file responses to that motion no later than **August 16, 2024**. Any reply from Jesse D. Pellow to the parties' responses shall be filed no later than **August 23, 2024**. No sur-replies will be permitted except by leave of court; and,

IT FURTHER IS ORDERED that Jesse D. Pellow's pro se "motion for joinder" [Doc. 12], which the Court liberally will construe as a motion to dismiss, hereby is **denied**. Unless and until Jesse D. Pellow is permitted to intervene by Court order upon resolution of the pending motion to intervene following responses from the parties, the Court will not entertain or consider any additional motions from him in this matter.

Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record

---

[1] The Clerk of Court hereby is directed to amend the caption of this case to properly identify Mae Thompson as the "Plaintiff" (not the Petitioner) and Garvey Manor Nursing Home as the "Defendant" (not the Respondent).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAE THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:24-cv-133 |
| | ) Judge Stephanie L. Haines |
| GARVEY MANOR NURSING HOME, | ) |
| | ) |
| Defendant. | ) |

## ORDER

AND NOW, this 11th day of December 2025, upon review of ECF No. 32, Intervenor Jesse Pellow's "Petition for Certification to Appeal Interlocutory Orders[,]" ECF No. 32, IT IS HEREBY ORDERED that said Motion, ECF No. 32, is DENIED.[1]

BY THEY COURT:

Stephanie L. Haines
United States District Judge

cc/ecf:
All counsel of record

**Notice by U.S. Mail:**
Jesse D. Pellow

---

[1] The Court takes this opportunity to explain its decision. In requesting a Certification to Appeal, Intervenor Jesse Pellow ("Intervenor") cites 28 U.S.C. § 1292(b). That provision states in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order *involves a controlling question of law as to which there is substantial ground for difference of opinion* and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order....

28 U.S.C. § 1292(b) (emphasis added). As the Orders Intervenor seeks a certification of appealability regarding, ECF Nos. 14, 30, do not involve "a controlling question of law as to which there is substantial ground for difference of opinion[,]" *id.*, the Court will DENY Intervenor's Motion at ECF No. 32.

P.O. Box 223
Altoona, PA 16603

Case 3:24-cv-00133-SLH  Document 12  Filed 12/11/25  Page 13 of 13
Case: 25-3407  Document: 1-2  Page: 13  Date Filed: 12/19/2025

P.O. Box 223
Altoona, PA 16603